LIZZIE CROAK

*v.*

HIGH COURT OF INDEPENDENT ORDER OF FORESTERS.

*Filed at Ottawa June 13, 1896.*

1. BENEFIT SOCIETIES—*expelling member on a trivial charge—how question is raised.* The question whether the charges on which a member of a mutual benefit society was expelled before his death were trivial is not raised as a question of law in a trial without a jury, where no proposition of law specifying such charges and asking the court to hold them trivial is presented.

2. SAME—*finding of Appellate Court as to identity of charges against member is conclusive.* A finding by the Appellate Court that the charge on which a member of a benefit society was expelled is the same on which he was tried, is conclusive on appeal to the Supreme Court in a suit by the beneficiary.

3. SAME—*when judgment of tribunal of, cannot be collaterally attacked.*
Where the tribunal of a voluntary society proceeds in the expulsion of a member in accordance with its rules, which are not against public policy or the law of the land, and its procedure is not *mala fides* or repugnant to natural justice, its judgment will not be inquired into collaterally.

4. EVIDENCE—*that member of society was fatally sick when expelled, incompetent.* In an action on a mutual benefit certificate, evidence that the deceased, at the time of his expulsion, was sick of the disease from which he afterwards died, is properly excluded, where no offer is made to show such expulsion was for the purpose of avoiding payment of the certificate.

*Croak* v. *Independent Order of Foresters*, 62 Ill. App. 47, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This is an action brought by appellant against appellee to recover $1000.00, the amount of an endowment certificate issued to her husband, Phillip Croak, on April 21, 1883, and payable to her. The declaration contained the common counts and two special counts. The plea was the general issue. Jury was waived by agreement, and the cause was tried before the court without a jury. The finding and judgment in the trial court were for the defendant there, the appellee here. This judgment was affirmed by the Appellate Court upon appeal to the latter court. The present appeal is prosecuted from the judgment of affirmance so entered by the Appellate Court.

The certificate, upon which the suit is brought, and which is set out in the first special count of the declaration, recites that it "is issued to Phillip Croak, a member of Court Progress No. 34 I. O. F. of Illinois, upon condition that the statements made by him in his application for membership in said court and the statements certified by him to the medical examiner be and they are hereby made a part of this contract, and upon condition that the said member complies in the future with the laws,

rules and regulations now governing the said order or that may hereafter be enacted by the said high court. These conditions being complied with, the said high court of the I. O. F. of Illinois hereby promises and binds itself to pay to Mrs. Lizzie Croak, his wife, $1000, upon satisfactory evidence of the death of said member and upon the surrender of this certificate, provided that said member is in good standing in this order at the time of his death, and provided also that this certificate shall not have been surrendered by said member and another certificate issued at his request, in accordance with the laws of this order."

The declaration avers that "up to the time of his death Phillip Croak performed all the conditions of the policy, and was legally a member in good standing in said order at the time of his death; that Phillip Croak died on or about June 6, 1887, and that plaintiff is the Mrs. Lizzie Croak, wife of Phillip Croak, and is the sole person entitled to said sum of money, and that all of the conditions mentioned in said policy have been performed and said sum has become due and payable."

On the 20th day of July, 1885, charges, with specifications, were preferred against Phillip Croak by members of the subordinate Court Progress No. 34, to which Croak belonged, and a trial committee of seven appointed by the subordinate court to try Croak upon these charges and specifications. On the 7th day of September, 1885, at a regular meeting of the subordinate court, the trial committee reported the proceedings taken before it on the charges and specifications, the evidence taken before the committee, together with the finding of the committee. On motion, the report of the trial committee was adopted and a vote taken on the form of punishment, which resulted in favor of expulsion, and the presiding officer of the subordinate court declared Phillip Croak expelled from the order. An appeal was taken from the order of expulsion by Phillip Croak to the high board

of directors, the intermediate appellate tribunal of the order, the ground of said appeal being that he had not received notice of the meetings of the trial committee, that the charges and specifications were never served upon him, and that he had a good and complete defense to all of the charges and specifications and desired an opportunity of offering evidence in his defense. On the 29th day of January, 1886, the high board of directors overruled the appeal and affirmed the judgment of the subordinate court. From this no appeal was taken to the high court or the court of last resort in the order.

Phillip Croak paid all his dues and assessments up to the time of his expulsion, and no dues or assessments were demanded of him by the order or paid by him from the time of his expulsion until his death, which occurred June 6, 1887.

F. A. WILLOUGHBY, and BURTON & REICHMANN, for appellant.

LAWRENCE P. BOYLE, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

In this case, all the facts are settled by the judgment of the Appellate Court, affirming the judgment of the circuit court. The case was tried by the court by agreement without a jury. The defendant below, appellee here, submitted no propositions to the trial court to be held as law in the decision of the case. All the written propositions submitted by the plaintiff below, the appellant here, to be held as law in the decision of the case were held by the trial court to be the law.

The main question in the case was, whether Phillip Croak, deceased, to whom the benefit certificate was issued, was in good standing in the order at the time of his death. The appellee contended, that he was not in

good standing in the order, or a member of it at the time of his death, upon the ground that, more than a year before his death, he had been expelled from the order in accordance with the rules and customs of the trial code thereof. The appellant claimed and sought to show, that the sentence of expulsion entered against her husband was invalid for three reasons, *first*, because the specifications, going to make up the charge against him, were trifling and trivial in their nature, and constituted no offense; *second*, because he was found guilty of an offense different from that with which he was charged; and, *third*, because he was not served with notice, or did not have notice, of the trial which resulted in his expulsion.

In regard to the first reason, the appellant asked the trial court to hold as law, and the trial court did hold as a proposition of law, that, where a member of a mutual benefit society holding a benefit certificate payable to a beneficiary named therein, after his death, is charged with trivial and trifling offenses which are not offenses against the by-laws of his society nor offenses against good morals, and is tried, convicted and expelled from the society solely upon such charges, such expulsion is null and void, and he need not appeal to higher tribunals in order to enable his beneficiary, after his death, to recover on the benefit certificate in an action at law. (1 Bacon on Ben. Soc. and Life Ins. sec. 103). As the trial court held the law in regard to the character of an expulsion based on charges of trivial and trifling offenses to be in accordance with the proposition submitted by appellant, she has no ground of complaint here so far as that subject is concerned. If the question, whether the offense charged is trivial and trifling or not, is a question of fact, it is settled by the judgment of the Appellate Court. If it is a question of law whether a certain offense charged is trivial and trifling or not, it is sufficient to say, that appellant submitted no proposition, specifying any

particular offense charged, and asking that it be held to be trifling and trivial.

In regard to the second reason urged against the validity of the expulsion, appellant requested the trial court to hold, and that court did hold as a proposition of law, that, if a member of Court Progress No. 34 of the Independent Order of Foresters, a mutual benefit association, has charges preferred against him by a brother member, and the charges and specifications are, in accordance with the laws of said association, referred to a trial committee selected by the subordinate court, and said committee, after hearing the testimony, finds the accused guilty of an offense not contained in the charges and specifications under which he was tried, and he is thereupon, and solely upon such findings of the committee, expelled by a vote of the subordinate court, the judgment of expulsion based upon such findings would be null and void, and the beneficiary, in a suit at law upon the benefit certificate, need not show that the expelled member appealed from the decision of the subordinate court to the court of last resort in the Order of Foresters in order to recover upon said certificate. (*Mulroy* v. *Supreme Lodge of Knights of Honor*, 28 Mo. App. 463). As the trial court thus held the law upon this subject in accordance with the proposition submitted by appellant, the court evidently found against her upon the question of fact, whether the offense, of which the deceased was found guilty, was or was not contained in the charges and specifications upon which he was tried. That question of fact is conclusively settled, so far as we are concerned, by the judgments of the lower courts.

As to the third reason assigned why the judgment of expulsion should be held to be invalid, the question, whether or not the deceased had notice of the trial which resulted in his expulsion, was largely a question of fact, and having been decided adversely to appellant, cannot be here considered. The court held as law propositions

submitted by appellant, holding that an expulsion must be shown to have been lawful, and that the accused must be shown to have had legal notice of the time and place of his trial, before the fact of such expulsion will be allowed to defeat a recovery upon a benefit certificate. The propositions as thus held stated the law very favorably for the appellant.

There being no question of fact before us, and no complaint being made as to any error in the holding or refusing of propositions of law, we have examined the record to see if any error was committed in the admission or exclusion of evidence, and find no ruling adverse to appellant which would justify us in reversing the judgment. The only action of the trial court upon this subject, to which our attention is called in the briefs of counsel for appellant, is the refusal of that court to permit appellant to offer evidence to show, "that at the time this expulsion took place, Mr. Croak was sick with the fatal disease from which he died afterwards." We fail to see how such evidence if admitted could be material, or how its exclusion injured appellant in any way. It was not accompanied by any offer to show, that the order was trying to expel him, because he was sick and for the purpose of avoiding the payment of his benefit certificate. Nor is there anything in the record, or in the terms of the propositions of law submitted to the court to indicate that the case was tried upon any such theory.

We concur in the following views expressed by the Appellate Court in their opinion in this case: "Where the tribunal of a voluntary society proceeds regularly,— that is, in accordance with its own rules, they being not contrary to public policy or the law of the land,—and its procedure not being *mala fides* or repugnant to natural justice, the merits of a judgment thus rendered will not be inquired into collaterally. The charges made against the expelled member were such as its laws provided might be made and upon proof of the truth of which he

might be expelled. That he had notice of,—that is, actually knew of,—the proceedings against him and appealed therefrom, is undisputed. The tribunal cannot be said to have acted in bad faith, nor were its proceedings in disregard of its own rules or repugnant to the law of the land."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*